IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SAMANTHA J. MILLER,<br><br>　　　　　Defendant. | 4:22-CR-3134<br><br>TENTATIVE FINDINGS |

　　　The Court has received the revised presentence investigation report and addendum in this case. The defendant has objected to the presentence report (filing 87) and moved for a downward variance (filing 88).

　　　IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report in several respects, but only one affects the guidelines calculation: The defendant claims that she is safety-valve eligible. Filing 87. The addendum to the presentence report states that the defendant is ineligible for the safety valve because the offense resulted in the death of two other people. *See* § 3553(f)(3); U.S.S.G. § 5C1.2(a)(3).

The presentence report links the defendant to two deaths: (1) Vicki Gant's overdose on pills allegedly bought from Billy Packer at the defendant's house while the defendant was present, and (2) Taylor Martin's overdose on pills allegedly purchased from the defendant. The defendant argues there's no evidence she was involved in Packer's sale of pills, and expressly denies selling pills to Martin. Filing 87 at 3-4.

When the defendant objects to any of the factual allegations in the presentence report on an issue on which the government has the burden of proof, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). But it's the defendant's burden to affirmatively show that she's satisfied each requirement for the safety valve. *United States v. Voelz*, 66 F.4th 1155, 1160 (8th Cir. 2023). Accordingly, the defendant will need to produce evidence at sentencing showing her lack of involvement in either death. The Court will make a final determination on this issue on the evidence at sentencing.[1]

The defendant has also moved for a downward variance based on her personal circumstances and the circumstances of the offense.[2] Filing 88; *see* filing 89. The Court will resolve that motion at sentencing.

---

[1] The Court notes, however, the government's statement that it "anticipates offering no additional evidence outside of what is captured in paragraphs 42 and 43 of the RPSR and will further address the matter at the sentencing hearing by way of argument." Filing 85 at 1. The government can do that, given the defendant's burden of proof. But if the defendant presents evidence that she wasn't involved in any deaths, and the only evidence on the other side is the conclusions in the presentence report. . . then the Court may well find that the defendant has carried her burden.

[2] The defendant's motion does mention downward departure, and cites U.S.S.G. § 4A1.3. Filing 88. But § 4A1.3 provides for a downward departure based on criminal history, which really isn't in play here given the defendant's criminal history category I. Considering the arguments found in the defendant's brief, *see* filing 89, the Court finds that downward *variance* is really what's requested here, *see United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010).

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 3rd day of November, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge